# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3673

_____

| | | |
|---|---|---|
| Barbara Gail Williams, also known as Barbara Gail Brice, also known as Barbara Gail Preston, also known as Barbara Gail Willis, | * * * * * | |
| | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Appellant, | * | District of Arkansas. |
| | * | |
| v. | * | [UNPUBLISHED] |
| | * | |
| Michael J. Astrue, Commissioner, Social Security Administration, | * * * | |
| | * | |
| Appellee. | * | |

_____

Submitted: July 6, 2010
Filed: July 8, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Barbara Gail Williams appeals the district court's[1] order affirming the denial of supplemental security income. Williams alleged disability from several conditions,

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

including depression, bipolar disorder, asthma, comprehension problems, and pain in her stomach, joints, feet, legs, and hands. After a hearing, an administrative law judge (ALJ) determined that her history of depression with cocaine dependency in apparent remission, tension/migraine headaches, cartilage damage with meniscal tears in the knee, and mild disc bulges with lumbar spine degenerative changes were severe in combination; (2) her impairments alone or combined did not, however, meet or equal the requirements of any listing; (3) her subjective complaints were less than fully credible; and (4) while her residual functional capacity (RFC) for less than the full range of light work precluded her past relevant work, she could perform other jobs that a vocational expert identified in response to a hypothetical. The Appeals Council denied review, and the district court affirmed. Having carefully reviewed the record, we also affirm. See Van Vickle v. Astrue, 539 F.3d 825, 828 & n.2 (8th Cir. 2008) (standard of review).

We reject Williams's challenge to the ALJ's adverse credibility findings, because those findings were based on multiple valid reasons, see Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008); and we also reject her related challenge to the ALJ's RFC determination, which we find to be consistent with the record, see Davidson v. Astrue, 578 F.3d 838, 844 (8th Cir. 2009) (ALJ should determine RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of her limitations).[2] Accordingly, we affirm.

_____

[2]We specifically decline to consider the new issues Williams raises on appeal, see Flynn v. Chater, 107 F.3d 617, 620 (8th Cir. 1997), or the new allegedly disabling impairments she identifies.